CABOT
MANTANONA LLP
Edge Building, Second Floor
929 South Marine Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777



FILED
DISTRICT COURT OF GUAM

MAR 03 2008

JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. CR07-00075 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **MOTION TO REVEAL INDENTITY OF INFORMANT** |
| NATHANIEL DIAZ PUNZALAN, | ) | |
| Defendant. | ) | |

### STATEMENT OF FACTS

Defendant Nathaniel Diaz Punzalan in the above entitled matter was indicted before the federal grand jury on 8th of August, 2007. He was indicted on two counts of Possession of firearms by a felon and two counts of possession of ammunition by a felon. Count I Possession of firearm by a felon pursuant to the indictment occurred on January 2, 2006. The supporting discovery in this matter indicates that the defendant allegedly acquired a firearm 45 caliber pistol brand name Essex Arms Corps. The discovery further provides the charge is based upon a purchase of the firearm from a confidential employment. The Defendant in this matter is now preparing for trial and can only prepare and adequately defend himself by having the disclosure of the identity of the confidential informant.

## **ARGUMENT**

Fed. R. Crim. P. 12(b)(1) allows defense counsel to move for pretrial disclosure of an informant's identity. The Supreme Court has held that the government must disclose an informant's identity where the informant actively participated and/or was a percipient witness to the acts underlying the prosecution. *Roviaro v. U.S.,* 353 U.S. 53 (1957); *U.S. v. Ramirez-Rangel,* 103 F.3d 1501, 1505 (9th Cir. 1997); *Devose v. Norris,* 53 F.3d 201, 206 (8th Cir. 1995).

The discovery indicates that Count I is based upon a controlled from a confidential informant. The selling confidential informant is on obvious witness and participant of the alleged crime continued in Count I.

The Ninth Circuit has held that the government must reveal the informant's identity if the defendant meets his burden of proving that disclosure would be helpful to his defense or essential to the fair determination of the case. *U.S. v. Ramirez-Rangel,* 103 F.3d 1501, 1505 (9th Cir. 1997); *U.S. v. Rutheford,* 175 F.3d 899, 901 (11th Cir. 1999); *U.S. v. Gordon,* 173 F.3d 761 (10th Cir. 1999); *U.S. v. Fairchild,* 122 F.3d 605, 609 (8th Cir. 1997).

The Defendant would not be able to successfully prepare to defend Count I without a disclosure of the confidential informant. The confidential informant would be a key government witness. The defense would need to question the confidential informant. Further, the defense needs to examine and investigate the confidential informant's background, more importantly, establish what deal he has with the government in exchange for his cooperation, to establish and evaluate his bias and credibility.

Disclosure may be required at trial if the informant was present during events forming the basis of the offence(s) charged, even if he did not participate in the underlying transaction. *U.S .v. Bonilla,* 615 F.2d 1262 (9th Cir.1980). Absent stated reasons to the contrary, it is error of constitutional dimension to deny disclosure where disclosure would be "highly relevant and might have been helpful to the defense." *U.S. v. Ordonez,* 737 F.2d 793, 809 (9th Cir. 1984).

## CONCLUSION

Defendant respectfully moves for the court to order the government to disclose the identity of the confidential informant to the defense and all agreements that defendant has made for his cooperation.

Dated this **3** day of **MARCH**, 2008.

**CABOT MANTANONA LLP**
*Attorneys for Nathaniel Punzalan*

By: _____
**RAWLEN M.T. MANTANONA**

RMTM:scc
G:\Stacy\active clients\Punzalan, Nathaniel\mtn to reveal indentity of Informant.doc