nathanielpunzalanoppo

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500 Sirena Plaza
108 Hernan Cortez Ave.
Hagatna, Guam 96910
PHONE: 472-7332
FAX: 472-7334

Attorneys for the United States of America




MAR 0 5 2008

JEANNE G. QUINATA
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NATHANIEL DIAZ PUNZALAN,<br><br>Defendant. | CRIMINAL CASE NO. 07-00075<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO DISCLOSE IDENTITY OF CONFIDENTIAL INFORMANT** |

Defendant requests this Court order the Government to disclose the identity of the confidential informant in this case pursuant to <u>Roviaro v. United States</u>, 77 S. Ct. 623 (1957). The Government files this opposition in response.

### STATEMENT OF FACTS

Defendant, Nathaniel Diaz Punzalan has two felony convictions in the Superior Court of Guam for Burglary (CF78-01) and Terrorizing (CF531-01). As such, he is a person prohibited under 18 U.S.C. § 922(g) from carrying a firearm.

1

### Facts - Count I & II

On January 2, 2006, defendant Nathaniel Diaz Punzalan sold a .45 caliber pistol to a Guam Police Informant at the Hagatna Shopping Center. Defendant handed a .45 caliber pistol and forty three .45 caliber unexpended rounds to a Confidential Informant in exchange for $400.00. Guam Police Department Officers monitored the transaction and provided the currency. Police seized the .45 caliber pistol which was wrapped in a bath towel and Jansport pouch from the Confidential Informant's trunk. The .45 caliber firearm was reported stolen from Mr. Ho Lee, owner of Micho Auto Body Shop in April, 2004. The Confidential Informant was not the only source or witness to this transaction. The phone calls which set up the controlled buy between the Confidential Informant and the Defendant were recorded, the transaction which occurred at the Haganta Shopping Center were observed by law enforcement.

### Facts - Count III & IV

On April 11, 2007, Superior Court of Guam Marshals received a Warrant of Arrest for Nathaniel Diaz Punzalan in CF246-04 and CF3-06. Probation Officer Tricia Taitague reported that the defendant was at his Yigo residence, 143 Salas Subdivision, Yigo, and that she was informed that the defendant was in possession of firearms and drugs. Defendant Punzalan was located in a bedroom of his residence. Next to him was a beige waist bag which contained a black Springfield Armory firearm, nine rounds of ammunition, and drug paraphernalia. The firearm was wrapped in a piece of cloth. The Springfield Armory firearm was one of five which were reported stolen from the Dededo residence of Dennis and Vivian Larson on February 28, 2007.

Defendant was indicted for two counts of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g). On March 3, 2008, defendant filed a motion to disclose the identity of the confidential informant arguing that the confidential informant is a witness and participant relating to the proof of Count I of the Indictment, that he has a need to evaluate the confidential informant's bias and credibility, and that he would be unable to prepare his defense without

disclosure of the identity of the confidential informant. The Government files this opposition in response.

## THE IDENTITY OF THE CONFIDENTIAL INFORMANT SHOULD NOT BE DISCLOSED.

"What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." United States v. Roviaro, 353 U.S. 53, 60 (1957). "The purpose of the privilege is the furtherance of and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." United States v. Roviaro, 353 U.S. 53, 60 (1957). The privilege is not absolute. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. Roviaro, 353 U.S. 61. There is no fixed rule with respect to disclosure. "The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders non-disclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant facts. Roviaro, 353 U.S. 61.

In Roviaro v. United States, 353 U.S. 53, the Supreme Court held that an informant's identity must be revealed where it is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." Id. at 60-61. "We have held that a defendant is *sometimes* entitled to disclosure of the informant's identity, but only after "making specific allegations that indicate the portions of the warrant claimed to be false" and making "a contention of deliberate falsehood or reckless disregard for the truth." United States v. Rowland 464 F.3d 899, 909 (9th Cir. 2006). "Where a defendant "has failed to articulate any substantial

3

reason" why he should be entitled to the confidential information, disclosure is not appropriate." United States v. Napier, 436 F.3d 1133 (9th Cir. 2006).

In Roviaro, the Supreme Court held that discovery of the informant's identity was proper because the petitioner and the informant were alone and unobserved during the occurrence for which he was indicted, because the informant was the sole material witness, because only the informant could have disclosed entrapment, and because the informant denied knowing the petitioner or even seeing the petitioner. The Supreme Court explained "This is a case where the Government's informer was the sole participant, other than the accused, in the transaction charged. The informer was the only witness in a position to amplify or contradict the testimony of government witnesses. Moreover, a government witness testified that Doe denied knowing petitioner or ever having seen him before. We conclude that, under these circumstances, the trial court committed prejudicial error in permitting the Government to withhold the identity of its undercover employee in the face of repeated demands by the accused for his disclosure." Roviaro, at 65. Discovery was proper where the informant was the only witness who might have testified to the petitioner's lack of knowledge of the contents of the package.

Unlike Roviaro, defendant Punzalan and the informant were not the only parties to the occurrence. The conversations were recorded, the transaction was videotaped and monitored by law enforcement. Punzalan can cross examine the law enforcement officers who witnessed the transaction. Punzalan can also cross examine law enforcement officers who recorded the conversations. Unlike Rovairo, where the defendant's entire defense relied on the informant to shed light on the petitioner's knowledge of the contents of the package and disprove identity, in this case, defendant Punzalan seeks the identity of the informant for vague and unspecified reasons. Applying the Roviaro balancing test, the public interest in protecting the flow of information outweighs defendant's right to prepare his defense. Taking into consideration the fact that the crime was witnessed by persons other than the informant, the availability of taped conversations and videotape by law enforcement, the law enforcement witnesses, the absence of

4

a specifically articulated defense, the relative insignificance of the informant's testimony in light of the corroborating testimony of law enforcement, the Government's privilege to withhold the identity of the cooperating individual should be maintained.

Further, defendant claims a need to "examine and investigate the confidential informant's background, more importantly, establish what deal he has with the government in exchange for his cooperation, to establish and evaluate his bias and credibility." Such a basis has not been held to be compelling. In United States v. Rowland, 464 F.3d 899 (9th Cir. 2006), the Ninth Circuit held:

> "Where a defendant 'has failed to articulate any substantial reason why he should be entitled to the confidential information, disclosure is not appropriate. Napier, 436 F.3d at 1139. Rowland claims that he needs the information to investigate the informant's credibility and background, but he has not articulated any specific reason to disbelieve the informant's testimony. Our cases do not permit Rowland to go on a fishing expedition into the informant's background because "a mere suspicion that the information will prove helpful will not suffice" to demonstrate a need for disclosure. United States v. Williams, 898 F.2d 1400, 1402 (9th Cir. 1990)." Rowland, at 910.

Absent the articulation of a substantial reason why the identity should be disclosed, the informant's identity should be withheld from the defendant.

## CONCLUSION

The Government respectfully requests that defendant's Motion to Reveal the Identity of the Confidential Informant be denied.

Respectfully submitted this 5th day of March, 2008.

LEONARDO M. RAPADAS  
United States Attorney  
Districts of Guam and NMI

By: _____  
ROSETTA L. SAN NICOLAS  
Assistant U.S. Attorney