CABOT
MANTANONA LLP
Edge Building, Second Floor
929 South Marine Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777

FILED
DISTRICT COURT OF GUAM

MAR 0 7 2008

JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NATHANIEL DIAZ PUNZALAN,<br><br>Defendant. | CRIMINAL CASE NO. CR07-00075<br><br>**REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISCLOSE IDENTITY OF CONFIDENTIAL INFORMANT** |

## STATEMENT OF FACTS

On January 2, 2006, defendant Punzalan allegedly sold a .45 caliber pistol and unexpended rounds to a Confidential Informant at the Hagatna Shopping Center. Law enforcement personnel were present at the scene and attempted to monitor the alleged sale through audio and video recording devices. The audio evidence obtained by counsel is of poor quality because defendant's alleged statements are inaudible. The video evidence obtained does not depict the alleged "hand to hand" exchange. The discovery is void of any evidence that law enforcement personnel at the scene were in a position to observe the alleged transaction conducted inside of the Confidential Informant's vehicle.

United States of America v. Nathaniel Punzalan
Criminal Case No. CR07-00075
Reply to Government's Opposition to Defendant's Motion to Disclose Identity of Confidential Informant
Page 2 of 4

On March 3, 2008, defendant filed the underlying motion to disclose the identity of the confidential informant. On March 5, 2008, the filed its opposition to the underlying motion. Defendant files this reply.

## ARGUMENT

Defendant's underlying motion rests on Fed. R. Crim. P. 12(b)(1) and the holding in *Roviaro v. U.S.*, 353 U.S. 53 (1957). ("...the government *must* disclose an informant's identity where the informant actively participated and/or was a percipient witness to the acts underlying the prosecution.") *Roviaro v. U.S.*, 353 U.S. 53 (1957); *U.S. v. Ramirez-Rangel*, 103 F.3d 1501, 1505 (9th Cir. 1997); *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995). The Ninth Circuit has held that the government must reveal the informant's identity if the defendant meets his burden of proving that disclosure would be *helpful to his defense* or essential to the fair determination of the case. *U.S. v. Ramirez-Rangel*, 103 F.3d 1501, 1505 (9th Cir. 1997); *U.S. v. Rutheford*, 175 F.3d 899, 901 (11th Cir. 1999); *U.S. v. Gordon*, 173 F.3d 761 (10th Cir. 1999); *U.S. v. Fairchild*, 122 F.3d 605, 609 (8th Cir. 1997).

The government, in its opposition, attempts to distinguish the instant case from *Roviaro* because, "defendant Punzalan and the informant were not the only parties to the occurrence. The conversations were recorded, the transaction was videotaped and monitored by law enforcement." This statement is somewhat misleading.

The audio discovery received is of poor quality because defendant's alleged statements are inaudible. Video discovery is also woefully insufficient because the alleged transaction is not visible. Several vehicles in the vicinity of the alleged transaction obstructed the view of the alleged criminal occurrence. Written discovery

United States of America v. Nathaniel Punzalan
Criminal Case No. CR07-00075
Reply to Government's Opposition to Defendant's Motion to Disclose Identity of Confidential Informant
Page 3 of 4

corroborates the fact that defendant walked "away from view." Further written discovery indicates that defendant was observed by law enforcement to be in possession of a "plastic bag" the contents of which could not have been known to observing officers on the scene. Additionally, the alleged transaction took place within the confines of a parked vehicle and no officer professed to have been in a position to see therein. As was the case in *Roviaro*, the informant is the only witness that is in a position to amplify or contradict the testimony of government witnesses.

The fact that Defendant here has the burden of explaining or justifying his alleged possession of the contraband emphasizes his vital need for access to any material witness. The circumstances as described above demonstrate that the Confidential Informant's testimony is highly relevant and might be helpful to the defense. The opportunity for defendant to cross-examine other law enforcement personnel is hardly a substitute for an opportunity to examine the man who was nearest to him and took part in the alleged transaction.

Under these circumstances, defendant's presentation of facts relies upon the informant to shed light on defendant's knowledge of the contents of the plastic bag. In light of the insufficiency of taped conversations and videotape by law enforcement personnel, the fact that law enforcement officers have not reported they were in a position to see inside of the Confidential Informant's vehicle and the relative *significance* of the informant's testimony in light of the insufficiency of corroborating evidence, the defendant's right to disclosure of the confidential informant should not be denied.

United States of America v. Nathaniel Punzalan
Criminal Case No. CR07-00075
Reply to Government's Opposition to Defendant's Motion to Disclose Identity of Confidential Informant
Page 4 of 4

Absent stated reasons to the contrary, it is error of constitutional dimension to deny disclosure where disclosure would be "highly relevant and *might* have been helpful to the defense." *U.S. v. Ordonez,* 737 F.2d 793, 809 (9th Cir. 1984).

## CONCLUSION

Defendant respectfully moves for the court to order the government to disclose the identity of the confidential informant to the defense and all agreements that defendant has made for his cooperation.

Dated this 7TH day of MARCH, 2008.

**CABOT MANTANONA LLP**
*Attorneys for **Nathaniel Punzalan***

By: _____
For **RAWLEN M.T. MANTANONA**