

**FILED**

**DISTRICT COURT OF GUAM**

APR 2 5 2008

**JEANNE G. QUINATA**
**Clerk of Court**

1 THE LAW OFFICE OF
STEPHANIE G. FLORES
Suite 202, Quan Bldg.
2 324 West Soledad St.
Hagatna, Guam 96910
3 Telephone: 671-479-1003
Facsimile: 671-479-1002
4 Email: sgflores@gmail.com

5 Attorney for Defendant Punzalan

6 UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GUAM

7

8 UNITED STATES OF AMERICA,

9             Plaintiff,

10        vs.

11 NATHANIEL DIAZ PUNZALAN,

12            Defendant.

13

14

15

CRIMINAL CASE NO. 07-00075

MOTION TO COMPEL DISCLOSURE
OF INFORMATION RE:
CONFIDENTIAL INFORMANT

16 <u>**MOTION**</u>

17     COMES NOW Defendant Nathaniel D. Punzalan, by and through undersigned counsel,

18 and respectfully requests an order requiring the United States Attorney to disclose

19 information related to the confidential informant used in this case by a date certain

20 established by this Court.   This motion is brought pursuant to Rule 16 of the Federal Rules

21 of Criminal Procedure, the Due Process Clause of the United States Constitution, and the

22 accompanying memorandum of points and authorities.

23

ORIGINAL

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION

In addition to disclosing the identities of any informants, reporting persons, or witnesses involved in this case, the defense is entitled to know of the existence of any benefits, in whatever form, that may have been provided to any such individuals as a reward or inducement to them to provide information. Such information bears directly on the question of the credibility of these individuals and is absolutely essential to the defense of this case.

Pursuant to Fed.R.Crim.P.16, United States vs. Giglio, 92 S.Ct. 763 (1972), Brady vs. Maryland, 373 U.S. 83 (1963) and Napue vs. Illinois, 79 S.Ct. 1173 (1959), Defendant respectfully requests the court to order the government to disclose the following information:

(1) The names of any and all reporting persons, informants, or witnesses providing information to law enforcement regarding this case. See Rovario vs. United States, 77 S.Ct. 623 (1957) (where informant's testimony is "relevant and helpful to the defense of an accused" his identity must be disclosed);

(2) Any and all promises of payment, written or oral, made to such persons as part of this or any other case in which they have provided information;

Case 1:07-cr-00075    Document 61    Filed 04/25/2008    Page 2 of 5

1    (3) All promises of any other benefit, written or oral, made to such persons;

2    (4) All promises of immunity, leniency, preferential treatment or other inducements

3        made to such persons as part of this case or any other case in which they have

4

5        provided information;

6    (5) All writings or memoranda which contain any of the promises of remuneration,

7        leniency, immunity, preferential treatment or other inducements made;

8

9    (6) Any record of payment of local or federal funds made to such persons;

10   (7) All information regarding any such person's prior testimony in this or any other

11       proceeding in which they have acted as a witness and/or informant. Johnson v.

12

13       Brewer, 521 F.2d 556 (8th Cir. 1975);

14   (8) All evidence of such person's psychiatric treatment, if any, or of any addiction or

15       propensity to use or abuse controlled substances. United States vs. Lindstrom, 698

16

17       F.2d   1154 (11th Cir. 1983); Unites States vs. Fowler, 465 F. 2d 664 (D.C. Cir. 1972).

18                          DISCLOSURE OF INFORMANT FILE

19       This request should be understood as including a demand for the production of the

20

21   Guam Police Departments' internal informant file, the ATF's internal informant file, if

22   any, as well as the DEA's internal informant file.   The undersigned understands that

23   each of these separate law enforcement entities, in the course of their business, typically

1 maintain an informant file on each confidential informant employed or used by each

2 agency. These files contain an assortment of information that is discoverable under

3
4 Brady and its progeny. More specifically, these files should contain a copy of the

5 informant's agreement to cooperate; a debriefing report or outline of the information

6 the informant can provide; the informant's personal and criminal history; the amounts

7 of any money paid to him for the information and expenses; and any promises

8
9 regarding potential sentencing in a criminal case.

10 In addition to this information, the file may contain internal memoranda written by

11 law enforcement personnel regarding the informant's credibility. These memoranda

12
13 may discuss the informant's misconduct, if any, as well as any decision on the part of

14 law enforcement to deactivate this informant. Thus there may be substantial

15 information that the informant may not be reliable.

16
17 Defendant requests full disclosure of the contents of the informant file or files

18 maintained on informant, as well as any informant files maintained on any other

19 cooperating individuals or confidential informants. This request for disclosure

20
21 includes, but is not limited to:

22 (1) The DEA's Confidential Source Establishment Report, DEA Form 512, or similar

23 reports created by the Guam Police Department or the ATF;

(2) Any informant agreement outlining the type of cooperation expected from the Confidential Informant;

(3) Any Informant Conduct Agreement containing the rules which the informant must follow while working for law enforcement, e.g., DEA Form 473;

(4) Any record of payments made to informants or other cooperating individuals in this case, e.g. DEA Form 356;

(5) Any debriefing reports or statements taken from informants.

## III. CONCLUSION

Based upon the foregoing points and authorities, Defendant requests that the Court grant the motion to disclose information related to the confidential informant used in this case as requested above.

Respectfully submitted this 25th day of April, 2008.

By: _____
Stephanie G. Flores, Esq.
*Attorney for Nathaniel D. Punzalan*