nathanielpunzalaninform

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500 Sirena Plaza
238 Archbishop Flores Street
Agana, Guam 96910
PHONE: 472-7332
FAX: 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) CRIMINAL CASE NO. 07-00075 |
|---|---|
| Plaintiff, | ) |
| vs. | ) **OPPOSITION TO DEFENDANT'S** |
|  | ) **MOTION TO COMPEL INFORMATION** |
|  | ) **OF CONFIDENTIAL INFORMANT** |
| NATHANIEL DIAZ PUNZALAN, | ) |
| Defendant. | ) |

On March 3, 2008, defendant filed a motion to disclose the identity of the confidential informant. On March 11, 2008, defense counsel moved to withdraw as counsel. The government filed an opposition to disclosure of the identity of the confidential informant. The government now agrees to disclose the identity of the confidential informant to defendant pursuant to Brady v. State of Maryland, 373 U.S. 83 (1963) and has notified defense counsel Stephanie Flores.

On April 26, 2008, defendant Punzalan filed a motion requesting this Court to order the Government to disclose additional information pertaining to the confidential informant. Defendant seeks to obtain the following: any benefits the informant may have received, the names of any persons who provided information in this case to law enforcement; promise of payment to these persons; any promises of benefit made to such persons; written promises made

to informant; records of payment; prior testimony by the informant in other proceedings; psychiatric treatment of informant; and disclosure of the internal informant's file with local and federal agencies. The Government files this opposition in response.

### **INTERNAL INFORMANT FILES AND AGREEMENTS BETWEEN THE AGENCIESAND THE INFORMANT IS NOT SUBJECT TO DISCOVERY.**

**1. Internal Informant Files.**

Defense cites <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and the Federal Rules of Criminal Procedure, Rule 16 for the proposition that the contents of internal informant files pertaining to a confidential informant are discoverable. The government opposes disclosure of internal informant files.

In <u>U.S. v. Roach</u>, 28 F.3d 729 (8th Cir. 1994), a defendant asserted he was entitled to information regarding the government's confidential informant. He requested notes regarding the investigation of his case and all other investigations involving the informant, the informant's criminal history, the informant's address, and records of investigations in which Roach claims to have acted as an informant. <u>Roach</u>, 28 F.3d 734. The Appellate Court held "Roach argues that <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), provides the legal underpinning for his Rule 16 motion. This argument is plainly wrong. As we have stated, "Brady is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." <u>United States v. Krauth</u>, 769 F.2d 473, 478 (9th Cir. 1985) (quoting <u>U.S. v. Beasley</u>, 576 F.2d 626, 630 (5th Cir. 1978), cert. denied, 440 U.S. 947 (1979)). <u>Brady</u> requires the government to furnish Roach with all exculpatory information in its possession or reasonably available to it. <u>Brady</u>, 373 U.S. at 87, 83 s. Ct. at 1196-97; <u>Krauth</u>, 769 F.2d at 476. However, Roach first must make a preliminary showing that the requested information is exculpatory. See <u>Krauth</u>, 769 F.2d at 476. Roach makes no colorable argument that the information he sought to compel was exculpatory." <u>Roach</u>, 28 F.3d 729, 734. Like in <u>Roach</u>, defendant Punzalan's motion to compel discovery of informant files should be denied.

//

The Federal Rule of Criminal Procedure Rule 16(a)(2) states as follows:

> "(2) **Information Not Subject to Disclosure**. Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. §3500."

In U.S. v. Abonce-Barrera, 257 F.3d 959 (9th Cir. 2001), a defendant sought an affidavit prepared by an Agent and a debriefing report on the informant. The Ninth Circuit held: "Abonce-Barrera's insistence that he should have been provided with both the affidavit regarding the informant prepared by Agent Rosales and the debriefing report on the informant is also ill-founded. Federal Rule of Criminal Procedure 16(a)(2) provides that, apart from certain exceptions not applicable here, "discovery or inspection of reports, memoranda or other internal government documents made by the attorney for the government or any other government agent investigating or prosecuting the case" is not authorized. See Flores, 540 F.2d at 438. ("Brady does not create any pre-trial discovery privileges not contained in the Federal Rules of Criminal Procedure.") ..." U.S. v. Abonce-Barrera, 247 F.3d 949, 970 (2001).

The government is not obligated to furnish defendant with internal informant files. The government is entitled to refuse to disclose reports or other memoranda prepared by government attorneys and agents in connection with an investigation or prosecution under Fed.R.Crim.Pro. 16(a)(2). Defendant's blanket request for "Guam Police Departments' internal informant file, the ATF's internal informant file, if any, as well as the DEA's internal informant file" (Motion to Compel, P. 3) is unsupported by law or authority.

//
//

The government's disclosure obligations are governed by statute, specifically 18 U.S.C. §3500, known as the Jencks Act[1]. The Jencks Act does not require the government to disclose the informant files as an agent's summaries and memoranda are exempt from disclosure.

In <u>Palermo v. United States</u>, 79 S. Ct. 1217 (1959), a defendant sought a revenue agents' memorandum summarizing the results of a defendant interview. The trial judge refused to order production since the agent's memorandum did not fall under 'statements' under the Jencks Act as defined in 18 U.S.C. §3500(e). <u>Palermo</u>, 79 S. Ct. 1221. The Second Circuit Court of Appeals affirmed the lower court's decision. The Supreme Court granted certiorari to explain the scope and meaning of the Jencks Act. In <u>Palermo</u>, the Supreme Court reviewed Congress' rational to protect documents other than statements of the defendant from discovery:

> "One of the most important motive forces behind the enactment of the legislation was the fear than an expansive reading of Jencks would compel the undiscriminating production of agent's summaries of interviews regardless of the character of their completeness. Not only was it strongly feared that disclosure of memoranda contained in the investigative agent's interpretations and impressions might reveal the inner workings of the investigative process and thereby injure the national interest, but it was felt to be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations. The committee reports of both Houses and the floor debates clearly manifest the intention to avoid these dangers by restricting production to those statements specifically defined in the bill. ... The purpose of the Act,

---

[1] Section 3500. **Demands for production of statements and reports of witnesses.** (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.
 (b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United states which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relates to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use. ...
 (e) the term "statement", as used in the subsections (b), ( c) and (d) of this section in relation to any witness called by the United States, means -
 (1) any written statement made by said witness and signed or otherwise adopted or approved by him;
 (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or
 (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury. 18 U.S.C. Section 3500.

its fair reading and its overwhelming legislative history compel us to hold that statements of a government witness made to an agent of the Government which cannot be produced under the terms of 18 U.S.C. §3500, cannot be produced at all." Palermo, at 1224.

The Supreme Court held that an agent's internal memorandum is not subject to discovery under the Jencks Act. "We think it consistent with this legislative history, and with the generally restrictive terms of the statutory provision, to require that summaries of an oral statement which evidence substantial selection of material, or which were prepared after the interview without the aid of complete notes, and hence rest on the memory of the agent, are not to be produced. Neither, of course are statements which contain the agent's interpretations or impressions." Palermo, at 1225. Disclosure of internal memoranda by law enforcement personnel is prohibited under the Jencks Act.

**2. Other Cases Involving Informant.**

Defendant seeks disclosure of informant files in this case "as well as any informant files maintained on any other cooperating individuals or confidential informants". (Motion to Compel, p. 4) Defendant appears to be requesting access to each of the cases the informant may have worked. Under Brady, there must first be a showing of materiality. See Kyles v. Whitley, 514 U.S. 419, 434-38 (1995); Manning, 56 F.3d at 1198 ("Evidence is material for Brady purposes only if there is a reasonable probability that, had it been disclosed to the defense, the result of the proceeding would have been different.") .

The Ninth Circuit has addressed a defendant's request for a list of informant's cases in U.S. v. Abonce-Barrera, 257 F.3d 959 (9th Cir. 2001). The Ninth Circuit held "In United States v. Flores, 540 F.2d 432 (9th Cir. 1976), we held that a request "to disclose the names and numbers of the prior case in which the informant had testified on behalf of the government" was not material based only on a "hunch" that the informant may have tampered with evidence in other cases. Id. at 437-38. Similarly, Abonce-Barrera has offered nothing to support his proposed fishing expedition beyond stating that it might have been useful. See also United States v. Cutler, 806 F.2d 933, 935 (9th Cir. 1986)(holding that additional detailed information about a previous unrelated investigation involving an informant could be withheld after

balancing the government's interests in insuring the informant's safety)." Abonce-Barrera, 275 F.3d 959, 970. Here, defendant's request is unsupported by a showing of materiality and should be denied.

**3. Informant Benefits/Rewards/Inducements**

The Government understands its obligations under Giglio v. United States, 405 U.S. 150 (1972) to disclose any agreements relevant to credibility. The government will address this issue directly before the Court.

## CONCLUSION.

The government agrees to reveal the identity of the confidential informant. However, the defendant's request for internal informant files and their contents should be denied as they are not the "statements" of a defendant pursuant to 18 U.S.C. §3500, and are excluded from discovery pursuant to Fed.R.Crim.Pro. 16(a)(2). The government agrees to comply with the obligations set forth in Brady and Giglio and will raise this issue directly before the court.

Respectfully submitted this 11th day of July, 2008.

           LEONARDO M. RAPADAS
           United States Attorney
           Districts of Guam and NMI

By   /s/ Rosetta L. San Nicolas
      ROSETTA L. SAN NICOLAS
      Assistant U.S. Attorney