LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Fax: (671) 472-7334

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 07-00075 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM RE:** |
| | ) | **ADMISSIBILITY OF EVIDENCE** |
| NATHANIEL DIAZ PUNZALAN, | ) | |
| Defendant. | ) | |

The United States of America, by and through its undersigned counsel, requested for the admission of the following exhibits to prove offenses charged under 18 U.S.C. 922(g):

Exhibit 18(1) - a Green canvas bag

Exhibit 18(2) - a Springfield Armory XD-45 .45 caliber pistol

Exhibit 19 - nine unexpended .45 Caliber bullets and magazine

Defense objected to admission arguing that the chain of custody had not been established because Marshal Padua (the person who found the firearm next to the defendant while executing a Warrant of Arrest) touched the firearm and showed it to fellow Marshal Okada. The firearm was subsequently confiscated by a Guam Police Department Officer. Defense argues that because Marshal Padua did not sign the chain of custody document the chain of custody was not established. Defense also argues that the Government failed to demonstrate a proper chain of

custody because the firearm was left on the ground and was not directly or continually watched by the Marshals. For these reasons she argues that the chain of custody was not established and the evidence should not be admitted at trial. Notably, defense fails to cite to controlling law or authority for these propositions. The Government provides this memorandum regarding admissibility of the evidence.

First, Marshal Theordore Padua was not required to confiscate the evidence he discovered. After picking up the firearm, he left the firearm where it was located and instructed his subordinates to notify Guam Police Department to confiscate the firearm. The scene was secured until the arrival of Police Officer Matsumoto. Superior Court Marshal Roland Okada stayed in the area, exited the home to view the defendant's Jeep and the items within. He also testified that other Marshals were at the scene securing the scene. He testified that no persons were on the scene other that the defendant's brother who was secured by the Marshals, the defendant (who was handcuffed), and the Marshals.

Although Marshal Padua touched the firearm, he was not required to confiscate the firearm. To render a judicial finding requiring that Marshal Padua must confiscate the item would affect how the Government conducts its investigations. Pursuant to custom and practice, the Marshals notified Guam Police Department, the executive branch, to confiscate the items. The chain of custody begins with the Officer who has physical custody. Notably, Marshal Okada testified he did not have the authority to confiscate the item because he is not equipped with an evidence locker, nor does he conduct investigation. He testified his focus is on executing warrants.

In setting up a chain of evidence, the prosecution is not required to elicit testimony from every custodian or every person who had an opportunity to come in contact with the evidence sought to be admitted. In <u>State v. Sweet</u>, 647 S.E. 2d 202, 206 (2007), the Court held "Accordingly, if the identity of each person handling the evidence is established, and the manner of handling is reasonably demonstrated, no abuse of discretion by the trial court is shown in admitting evidence absent proof of tampering or bad faith, or ill-motive." In this case, there is no proof of tampering bad faith or ill motive and the evidence should be admitted.

-2-

Case 1:07-cr-00075    Document 98    Filed 08/14/2008    Page 2 of 4

The Government is not required to provide testimony of each custodian of fungible evidence. "Testimony of each custodian of fungible evidence, however, is not a prerequisite to establishing a chain of custody sufficient for admissibility. Where other evidence establishes the identity of those who have handled the evidence and reasonably demonstrates the manner of handling of the evidence, our courts have been willing to fill gaps in the chain of custody due to an absent witness." State v. Sweet, 647 S.E. 2d 202, 206. In this case, the evidence was located next to the defendant and then left where it was found. Officer Matsumoto confiscated the firearm from the bedroom and the ammunition from the defendant's Jeep. The Government has presented testimony of each person who handled the item. There were no gaps in possession or gaps in the chain of custody. The firearm was discovered, and then the confiscating officer collected the item. This "reasonably demonstrates" the handling of the evidence and the evidence should be admitted.

"Evidence should be admitted if the trial court finds that a reasonable juror could find that the evidence was authenticated." Marada v. State, 253 S.W. 3d 762 (2007). "Proof of the beginning and end of the chain of custody will support admission of an object barring any evidence of tampering or alteration." " Marada v. State, 253 S.W. 3d 762, 770 (2007). Here, the chain of custody begins not with the discovering Marshal, rather with the Guam Police Department Officer who confiscated the firearm and ammunition. "There is no requirement that the Government account for hand-to-hand custody of the evidence from the time it is obtained until it is admitted at trial. It is sufficient if the evidence shows "reasonable assurance" that the exhibit offered is the same and in like condition as when received, and that the exhibit offered has not been tampered with or contaminated." State v. Nettles, 216 S.W.3d 162 (2006). In this case, the Government has demonstrated the hand to hand custody. This is sufficient for admissibility.

The firearm was properly identified. Marhsal Padua testified he discovered the firearm, Marshal Okada testified he saw the firearm. Dennis Larson testified the firearm and the ammunition are his property and that he recognizes the ammunition because he personally "reloaded" the cartridges. "Chain of custody of an exhibit is irrelevant where the exhibit is

-3-

properly identified at trial." State v. Gott, 191 S.W. 3d 113 (2006).

There is no evidence of tampering, only the speculation by defense that the rear windows of the home were not guarded. "The State need not negate every possibility of tampering, and need only establish reasonable assurance of the identity of the evidence. When there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to the weight." Ward v. State, 646 S.E. 745 (2007). "Merely raising the possibility of tampering is not sufficient to render evidence inadmissible." U.S. v. Harrington, 923 F.2d 1371, 1374 (9th Cir. 1991). The evidence should be admitted.

There are no defects in the chain of custody. There is no serious allegation of tampering with the evidence, only mere speculation. The prosecution has provided testimony that the firearm and ammunition were in substantially the same condition as when they were seized on April 11, 2007. "Furthermore, a defect in the chain of custody goes to the weight, not the admissibility of the evidence introduced." U.S. v. Matta-Ballesteros, 71 F.3d 754, 769 (1995). "The possibility of a break in the chain of custody goes only to the weight of the evidence." U.S. v. Harrington, 923 F.2d 1371, 1374 (9th Cir. 1991). For the foregoing reasons, the evidence should be admitted.

RESPECTFULLY submitted this 14th day of August, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI


By:  /s/ Rosetta L. San Nicolas
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney