29A Am. Jur. 2d Evidence § 962

American Jurisprudence, Second Edition
Database updated May 2008

Evidence
George Blum, J.D., John Bourdeau, J.D., Romualdo P. Eclavea, J.D., Janice Holben, J.D., Alan J. Jacobs, J.D., Fern Kletter, J.D., Jack K. Levin, J.D., Lucas Martin, J.D., Eric C. Surette, J.D. Barbara J. Van Arsdale, J.D., and Anne E. Melley, J.D., of the staff of the National Legal Research Group, Inc.

VI. Particular Types of Evidence
F. Real or Demonstrative Evidence
2. Objects or Articles, in General
b. Authentication and Identification of Objects, Articles, Samples, and Specimens
(1) In General

Correlation Table  References

### § 962. Objects not readily identifiable and susceptible to change; chain of custody requirements—Proof of proper chain of custody

**West's Key Number Digest**

West's Key Number Digest, Criminal Law ⚖=388.3, 404.11 to 404.30
West's Key Number Digest, Evidence ⚖=188, 194

**A.L.R. Library**

Chain of custody requirement for organic nonblood specimens taken from human body for purposes of analysis, 78 A.L.R.5th 1

Authentication of blood sample taken from human body for purposes other than determining blood alcohol content, 77 A.L.R.5th 201

Authentication of blood sample taken from human body for purposes of determining blood alcohol content, 76 A.L.R.5th 1

**Trial Strategy**

Firearms Forensics—Firearms Identification at Trial, 60 Am. Jur. Proof of Facts 3d 1

In general, to establish a proper chain of custody, identification of each "link" in the chain is required, and with regard to possession of the evidence by each "link," the testimony must include three points: (1) the receipt of the item; (2) the ultimate disposition of the item, that is, transfer, destruction, or retention; and (3) the safeguarding and handling of the item between receipt and disposition.[FN1] Variations in the testimony regarding the chain of custody or deficiencies in the chain of custody affect only its weight, not its admissibility.[FN2] According to some courts, however, if the state, or any other proponent of demonstrative evidence, fails to identify a link or fails to show for the record any one of the three criteria as to each link, the result is a missing link, and the item is inadmissible.[FN3] Where this view is followed, if the state has shown each link and has shown all three criteria as to each link, but has done so with circumstantial evidence, as opposed to the direct

ATTACHMENT A

testimony of the link, as to one or more criteria or as to one or more links, the result is a weak link, and the item may be admitted.[FN4]

> **Practice Tip:** To establish the chain of custody of a fungible substance like cocaine, the state must establish the identity and integrity of the cocaine, and the proponent must show that the cocaine tested at the crime lab is the same as that seized from the accused and also must show that the drugs were neither tampered with nor corrupted during their travels from crime scene to evidence room to laboratory to courtroom.[FN5] Where the testimony shows that the police placed the substance in a tamper-proof identifiable container and that the crime lab or other technician who tests the substance received it in the same container with no proof of tampering or substitution, the state has met its burden of showing with reasonable certainty that the substance tested was the same as that seized, as required to establish a sufficient chain of custody.[FN6]

In setting up a chain of evidence, the prosecution is not required to elicit testimony from every custodian[FN7] or every person who had an opportunity to come in contact with the evidence sought to be admitted.[FN8] The fact that one of the persons in control of a fungible substance does not testify at trial does not, without more, make the substance or testimony relating to it inadmissible. [FN9] Further, the chain of custody rule does not require the prosecution to account for the possession of evidence before it comes into their hands.[FN10]

> **Practice Tip:** Proof of the beginning and end of the chain of custody will support admission of an object barring any evidence of tampering or alteration.[FN11]

The state bears the burden of establishing the proper chain of custody,[FN12] While the state is not required to eliminate every possibility of tampering with the evidence in order to establish a chain of custody, the trial court must be satisfied within a reasonable probability that there has been no tampering.[FN13] Thus, even with respect to substances that are not clearly identifiable or distinguishable, it is unnecessary to establish a perfect chain of custody or eliminate all possibility of tampering or misidentification, so long as there is persuasive evidence that the reasonable probability is that the evidence has not been altered in any material respect.[FN14] The requirement of reasonable certainty is not met when some vital link in the chain of possession is not accounted for, because then it is as likely as not that the evidence analyzed was not the evidence originally received. [FN15] However, there is no requirement that the state must account for hand-to-hand custody of the evidence from the time it is obtained to the time it is admitted at trial, and it is sufficient if the evidence shows a "reasonable assurance" that the exhibit offered is the same and in like condition as when received, and that the exhibit offered has not been tampered with or contaminated.[FN16] Thus, a valid chain of custody of an exhibit does not require proof of hand-to-hand custody, a showing that the exhibit was continually watched, or proof of the exclusion of every possibility that the evidence has been disturbed.[FN17] When there is mere speculation that there was tampering, it is proper to admit the evidence, and let what doubt remains go to its weight,[FN18] as merely raising the possibility of tampering with the evidence is an insufficient method of challenging the chain of custody.[FN19]

> **Practice Tip:** The appropriate time to make a chain of custody argument is before the evidence is admitted. Once the evidence is admitted, a chain of custody argument may not then be raised for the first time to diminish the weight to be given to the evidence, as evidence is either admissible as authentic or it is not.[FN20]

A court determining the adequacy of a chain of custody presumes regularity in the handling of evidence by officers, and that officers exercise due care in handling their duties.[FN21] Thus, a trial court may assume, absent a showing of bad faith or ill will, that the officials charged with custody of the evidence properly discharged their duties and did not tamper with the evidence.[FN22] The burden is on the defendant to show whether there is any indication or reasonable inference of probable tampering with the evidence or substitution of the evidence.[FN23] It has been said, however, that the burden is on the state to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution, although the state need

not negate every possibility of tampering, and need only establish reasonable assurance of the identity of the evidence.[FN24] However, if there is some evidence of tampering, then the proponent must show that acceptable precautions were taken to maintain the evidence in its original state. [FN25]

**Practice Tip:** The mere passage of time does not establish tampering of evidence.[FN26]

In either civil or criminal proceedings,[FN27] whether an adequate foundation is established by a chain of custody rests within the discretion of the trial court.[FN28]

---

[FN1] Birge v. State, 973 So. 2d 1085 (Ala. Crim. App. 2007).

[FN2] Fleming v. U.S., 923 A.2d 830 (D.C. 2007); Espinoza v. State, 859 N.E.2d 375 (Ind. Ct. App. 2006); State v. Horton, 283 Kan. 44, 151 P.3d 9 (2007); People v. Bellamy, 34 A.D.3d 937, 823 N.Y.S.2d 607 (3d Dep't 2006), leave to appeal denied, 8 N.Y.3d 843, 830 N.Y.S.2d 702, 862 N.E.2d 794 (2007); State v. Brown, 176 N.C. App. 72, 626 S.E.2d 307 (2006), review denied, 634 S.E.2d 221 (N.C. 2006).
Any break in chain of custody proffered in federal criminal trial goes to weight of evidence, not its admissibility. U.S. v. Smith, 481 F.3d 259 (5th Cir. 2007), cert. denied, 127 S. Ct. 2288, 167 L. Ed. 2d 1119 (U.S. 2007).

[FN3] Ex parte Holton, 590 So. 2d 918 (Ala. 1991).

[FN4] Ex parte Holton, 590 So. 2d 918 (Ala. 1991).

[FN5] Reason v. State, 283 Ga. App. 608, 642 S.E.2d 236 (2007).

[FN6] Franklin v. State, 281 Ga. App. 409, 636 S.E.2d 114 (2006).

[FN7] State v. Sweet, 374 S.C. 1, 647 S.E.2d 202 (2007).

[FN8] Toney v. State, 833 P.2d 15 (Alaska Ct. App. 1992); Lewis v. State, 307 Ark. 260, 819 S.W.2d 689 (1991); Webb v. State Civil Service Com'n (Department of Transp.), 934 A.2d 178 (Pa. Commw. Ct. 2007).

[FN9] Stringer v. State, 285 Ga. App. 599, 647 S.E.2d 310 (2007).

[FN10] State v. Conrad, 241 Mont. 1, 785 P.2d 185 (1990).

[FN11] Maranda v. State, 2007 WL 4191711 (Tex. App. Amarillo 2007), petition for discretionary review filed, (Mar. 12, 2008).

[FN12] State v. Jackson, 170 Ariz. 89, 821 P.2d 1374 (Ct. App. Div. 2 1991), redesignated as opinion, (June 19, 1991); Hunter v. State, 578 N.E.2d 353 (Ind. 1991); Com. v. Hubble, 730 S.W.2d 532 (Ky. Ct. App. 1987).

[FN13] Green v. State, 365 Ark. 478, 231 S.W.3d 638 (2006).

[FN14] Penman v. Com., 194 S.W.3d 237 (Ky. 2006).
Proof of the chain of custody need not negate all possibility of tampering so long as the party seeking to admit the evidence has established a complete chain of custody at least as far as practicable. State v. Sweet, 374 S.C. 1, 647 S.E.2d 202 (2007).

[FN15] People v. Williams, 48 Cal. 3d 1112, 259 Cal. Rptr. 473, 774 P.2d 146 (1989).

[FN16] State v. Nettles, 216 S.W.3d 162 (Mo. Ct. App. S.D. 2006), reh'g and/or transfer denied, (Dec. 12, 2006).

[FN17] State v. Gott, 191 S.W.3d 113 (Mo. Ct. App. S.D. 2006).

[FN18] Ward v. State, 285 Ga. App. 574, 646 S.E.2d 745 (2007); Anderson v. Com., 48 Va. App. 704, 634 S.E.2d 372 (2006), judgment aff'd, 650 S.E.2d 702 (Va. 2007), petition for cert. filed (U.S. Dec. 11, 2007).
Minor uncertainties in the proof of chain of custody are matters to be argued by counsel and weighed by the jury, but they do not render the evidence inadmissible as a matter of law. Green v. State, 365 Ark. 478, 231 S.W.3d 638 (2006).

[FN19] Whaley v. State, 843 N.E.2d 1 (Ind. Ct. App. 2006), transfer denied, 855 N.E.2d 1004 (Ind. 2006).

[FN20] Webb v. State Civil Service Com'n (Department of Transp.), 934 A.2d 178 (Pa. Commw. Ct. 2007).

[FN21] Espinoza v. State, 859 N.E.2d 375 (Ind. Ct. App. 2006).

[FN22] State v. Jones, 204 S.W.3d 287 (Mo. Ct. App. S.D. 2006), transfer denied, (Nov. 21, 2006).

[FN23] Terry v. State, 944 So. 2d 911 (Miss. Ct. App. 2006).
In order to prove a chain of custody error, there is no need for the state to produce every person who handled the object, nor to account for every moment of every day, and the burden is on the defendant to prove that substitution or tampering took place. Ales v. State, 921 So. 2d 1284 (Miss. Ct. App. 2006).

[FN24] Ward v. State, 285 Ga. App. 574, 646 S.E.2d 745 (2007).

[FN25] U.S. v. Rans, 851 F.2d 1111, 26 Fed. R. Evid. Serv. 430 (8th Cir. 1988); U.S. v. Dickerson, 873 F.2d 1181 (9th Cir. 1988); Blankenship v. State, 589 So. 2d 1321 (Ala. Crim. App. 1991).

[FN26] Dossett v. State, 216 S.W.3d 7 (Tex. App. San Antonio 2006), reh'g overruled, (Oct. 4, 2006) and petition for discretionary review refused, (Feb. 28, 2007) and reh'g on petition for discretionary review denied, (Apr. 18, 2007).

[FN27] State v. Ruggles, 214 Or. App. 612, 167 P.3d 471 (2007), opinion adhered to as modified on other grounds on reconsideration, 217 Or. App. 384, 175 P.3d 502 (2007).

[FN28] State v. Ruggles, 214 Or. App. 612, 167 P.3d 471 (2007), opinion adhered to as modified on other grounds on reconsideration, 217 Or. App. 384, 175 P.3d 502 (2007); Anderson v. Com., 650 S.E.2d 702 (Va. 2007), petition for cert. filed (U.S. Dec. 11, 2007).
In determining whether the state has established a proper chain of custody, the trial court is given some degree of discretion, and in the absence of evidence indicating tampering, the appellate court will not reverse the trial court's ruling absent an abuse of discretion. Green v. State, 365 Ark. 478, 231 S.W.3d 638 (2006).

© 2008 Thomson Reuters/West. Volumes 33-34B © 2008 Thomsom Reuters/RIA. No Claim to Orig.