



FILED
DISTRICT COURT OF GUAM

AUG 1 4 2008

JEANNE G. QUINATA
Clerk of Court

1
2
3
4
5
6            **DISTRICT COURT OF GUAM**
7            **TERRITORY OF GUAM**
8
9
10   UNITED STATES OF AMERICA,              Criminal Case No. 07-00075
11                   Plaintiff,
12              vs.
13   NATHANIEL DIAZ PUNZALAN,
14                   Defendant.
15
16
17
18
19
20
21          **CLOSING JURY INSTRUCTIONS**
22
23
24   Dated: 8/14/08                    _Frances M. Tydingco-Gatewood_
25                                      District Court Chief Judge
26                                      **Frances M. Tydingco-Gatewood**
27
28

# COURT'S INSTRUCTION NO. 1
## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.1.

## COURT'S INSTRUCTION NO. 2
## CHARGE AGAINST DEFENDANT NOT EVIDENCE—
## PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of each of the charges beyond a reasonable doubt.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.2.

## COURT'S INSTRUCTION NO. 3
## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify.  No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.3.

- 4 -

**COURT'S INSTRUCTION NO. 4**

**REASONABLE DOUBT - DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.5.

## COURT'S INSTRUCTION NO. 5
## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

    (1)    the sworn testimony of any witness;

    (2)    the exhibits which have been received into evidence; and

    (3)    any facts to which all the lawyers have stipulated.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.6.

- 6 -

# COURT'S INSTRUCTION NO. 6
## STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

First, the parties have stipulated as follows: "On or about September 4, 2001 and August 19, 2002, the defendant was convicted in the Superior Court of a crime punishable by imprisonment for a term exceeding one year."

Second, that the Springfield Armory caliber pistol .45, model XD-45 as referenced in Count III had been shipped and transported in interstate or foreign commerce;

Third, that the nine unexpended .45 caliber cartridges or casings as referenced in Count IV of the indictment have been shipped or transported in interstate or foreign commerce; and

Fourth, the parties have agreed and stipulated that the following government exhibits are admitted into evidence:

1.    Exhibit No. 7, Audio Recording of Telephone Conversation on January 4, 2006 at 2:58 p.m.;

2.    Exhibit No. 9, Audio Recording of Telephone Conversation on January 4, 2006 at 4:30 p.m.;

3.    Exhibit No. 11, Audio Recording of Telephone Conversation on January 4, 2006 at 4:58 p.m.;

4.    Exhibit No. 13(a) and (b), Audio and Video Recordings of Meeting on January 4, 2006.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 2.4.

# COURT'S INSTRUCTION NO. 7
## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements and said in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.7.

- 8 -

# COURT'S INSTRUCTION NO. 8
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

The word "infer"—or the expression "to draw an inference"—means to find that a fact exists based on proof of another fact. In deciding whether to draw an inference, you must consider all the facts in the light of reason, common sense and experience. After you have done that, it is for you to decide whether to draw a particular inference.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.8.

# COURT'S INSTRUCTION NO. 9
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case and any bias or prejudice;

(5)   whether other evidence contradicted the witness's testimony;

(6)   the reasonableness of the witness's testimony in light of all the evidence; and

(7)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.9.

- 10 -

## COURT'S INSTRUCTION NO. 10
## EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND
## STATEMENTS OF OTHERS

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to the charges against this defendant.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.10.

# COURT'S INSTRUCTION NO. 11
## ACTIVITIES NOT CHARGED

The defendant is on trial only for the crimes charged in the indictment, not for any other activities.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.11.

- 12 -

**COURT'S INSTRUCTION NO. 12**

**SEPARATE CONSIDERATION OF MULTIPLE COUNTS —**

**SINGLE DEFENDANT**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.12.

## COURT'S INSTRUCTION NO. 13
## STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 4.1.

# COURT'S INSTRUCTION NO. 14
## IMPEACHMENT, PRIOR CONVICTION OF DEFENDANT

You have heard evidence that the defendant has previously been convicted of a crime. You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 4.6.

**COURT'S INSTRUCTION NO. 15**

**IMPEACHMENT EVIDENCE—WITNESS**

You have heard evidence that Richard J. Ichihara, a witness, who has been convicted of a felony. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 4.8.

# COURT'S INSTRUCTION NO. 16
## TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES–
## IMMUNITY, BENEFITS, ACCOMPLICE, PLEA

You have heard testimony from Richard J. Ichihara, a witness who may receive benefits or favored treatment from the government in connection with this case.

For this reason, in evaluating Richard J. Ichihara's testimony, you should consider the extent to which or whether his testimony may have been influenced by this factor. In addition, you should examine Richard J. Ichihara's testimony with greater caution than that of other witnesses.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 4.9.

# COURT'S INSTRUCTION NO. 17
## GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS

You have heard testimony from Richard J. Inchihara, an informant who was involved in the government's investigation in this case. Law enforcement officials are not precluded from engaging in stealth and deception, such as the use of informants and undercover agents, in order to apprehend persons engaged in criminal activities. Undercover agents and informants may properly make use of false names and appearances and may properly assume the roles of members in criminal organizations. The government may utilize a broad range of schemes and ploys to ferret out criminal activity.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 4.13.

- 18 -

**COURT'S INSTRUCTION NO. 18**
**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 4.17.

# COURT'S INSTRUCTION NO. 19
## FIREARMS—UNLAWFUL POSSESSION
### (18 U.S.C. § 922(g)(1))

The defendant is charged in Count I of the indictment with the possession of a firearm in violation of Section 922(g)(1) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a .45 caliber pistol, brand name: Essex Arms Corp; Serial Number SS6838;

Second, this firearm had been shipped or transported from one state to another; and

Third, at the time the defendant possessed this firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The defendant stipulates that on or about September 4, 2001 and August 19, 2002, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

The term "State" includes any territory of the United States.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosion or the frame or receiver of any such weapon.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 8.59.

# COURT'S INSTRUCTION NO. 20
## AMMUNITION—UNLAWFUL POSSESSION
### (18 U.S.C. § 922(g)(1))

The defendant is charged in Count II of the indictment with the possession of ammunition in violation of Section 922(g)(1) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed forty-three .45 caliber ammunition;

Second, this ammunition had been shipped or transported from one state to another; and

Third, at the time the defendant possessed this ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The defendant stipulates that on or about September 4, 2001 and on August 19, 2002, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

The term "ammunition" means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

The term "State" includes any territory of the United States.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 8.59.

## COURT'S INSTRUCTION NO. 21
## FIREARMS—UNLAWFUL POSSESSION
## (18 U.S.C. § 922(g)(1))

The defendant is charged in Count III of the indictment with the possession of a firearm in violation of Section 922(g)(1) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a Springfield Armory pistol, model XD-45, .45 caliber pistol, Serial Number US661844;

Second, this firearm had been shipped or transported from one state to another; and

Third, at the time the defendant possessed this firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The defendant stipulates that on or about September 4, 2001 and on August 19, 2002, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

The term "State" includes any territory of the United States.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosion or the frame or receiver of any such weapon.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 8.59.

# COURT'S INSTRUCTION NO. 22
## AMMUNITION—UNLAWFUL POSSESSION
### (18 U.S.C. § 922(g)(1))

The defendant is charged in Count IV of the indictment with the possession of ammunition in violation of Section 922(g)(1) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed nine rounds of .45 caliber ammunition;

Second, nine rounds of this ammunition had been shipped or transported from one state to another; and

Third, at the time the defendant possessed this ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The defendant stipulates that on or about September 4, 2001 and on August 19, 2002, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

The term "ammunition" means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

The term "State" includes any territory of the United States.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 8.59.

**COURT'S INSTRUCTION NO. 23**
**POSSESSION – DEFINED**

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.18.

**COURT'S INSTRUCTION NO. 24**
**KNOWINGLY– DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 5.6.

**COURT'S INSTRUCTION NO. 25**

**DATES**

The indictment charges that the crimes occurred on approximately certain dates. The government does not have to prove that the crimes happened on those exact dates. But the government must prove that the crimes occurred reasonably close to the dates alleged in the indictment.

United States v. Laykin, 886 F.2d 1534, 1543 (9th Cir. 1989).

# COURT'S INSTRUCTION NO. 26
## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 7.1.

# COURT'S INSTRUCTION NO. 27
## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 7.2.

- 28 -

## COURT'S INSTRUCTION NO. 28
## USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 7.3.

# COURT'S INSTRUCTION NO. 29
## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 7.4.

# COURT'S INSTRUCTION NO. 30
## VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the court that you are ready to return to the courtroom.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 7.5.

## COURT'S INSTRUCTION NO. 31
## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 7.6.