THE LAW OFFICE OF
STEPHANIE G. FLORES
Suite 202, Quan Bldg.
324 West Soledad St.
Hagatna, Guam 96910
Telephone: 671-479-1003
Facsimile: 671-479-1002
Email: sgflores@gmail.com

Attorney for Defendant

**FILED**
DISTRICT COURT OF GUAM

AUG 1 8 2008 chs

JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07-00075 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MOTION FOR JUDGMENT OF |
| | ) | ACQUITTAL (RULE 29) and |
| NATHANIEL DIAZ PUNZALAN | ) | MEMORANDUM IN SUPPORT |
| | ) | OF MOTION |
| Defendant. | ) | |
| | ) | |

COMES NOW, the Defendant, NATHANIEL PUNZALAN, by and through his

undersigned counsel of record, and hereby moves this court for an order granting the

Defendant's Motion for Judgment of Acquittal pursuant to Rule 29 of the Federal Rules of

Criminal Procedure. This motion is based upon the accompanying memorandum of

points and authorities and the record herein.

Respectfully submitted this 18th day of August, 2008.

THE LAW OFFICE OF STEPHANIE G. FLORES

By: _____
Stephanie G. Flores, Esq.
Attorney for Defendant

ORIGINAL

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The Defendant originally brought this motion at the close of all evidence prior to submission to the jury. The Court reserved its ruling and ordered that the instant motion be reduced to writing. This motion is limited to Count III of the Indictment.

## FACTUAL BACKGROUND

During the trial of this matter there was no evidence regarding whether or not the "firearm" that is the subject of Count III of the Indictment is operable, nor was there any specific testimony regarding whether or not the Exhibit 18-1 meets the definition of "firearm" as defined in connection with 18 U.S.C. §922(g)(1) as charged. The evidence is limited to the fact that Exhibit 18-1 traveled in interstate commerce. Special Agent Quintanilla offered no other testimony as to this Exhibit unlike the detailed testimony he gave as to Exhibit 15. The remaining testimony as to Exhibit 18-1 was limited as to the confiscation of the item and the chain of custody of Exhibit 18-1.

## ARGUMENT

Rule 29 of the Federal Rules of Criminal Procedure provides:

Motion for Judgment of Acquittal (a) Motion before Submission to Jury. Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the government is not granted, the defendant may offer evidence without having reserved the right.

(b) Reservation of Decision on Motion. If a motion for judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.

(c) Motion after Discharge of Jury. If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.

The most direct case regarding the specific issue that is the subject of this memorandum, that is, whether the Government needed to prove that the item in question was operable, is *United States vs.Goodheim*, 686 F2d 776 (9th Cir. 1982). In that case the Ninth Circuit determined that 18 U.S.C. §922 (h) (1) did not specifically include operability as part of the definition of a firearm. Moreover in that case, there was testimony that the firearms in question were test-fired and that that evidence could be relied upon to determine operability. In this case there was no testimony that Exhibit 18-1 was test-fired, or that it was operable, or that it could perform as it was designed to perform.

Even viewing the evidence in the light most favorable to the Government there is still insufficient evidence to conclude that Exhibit 18-1 is a firearm as defined by the applicable statute.

## CONCLUSION

Based on the foregoing, as well as all previous arguments and any argument that

1 | may be had at any further hearing on this matter, Defendant Punzalan's instant Motion

2 | should be GRANTED.

Respectfully submitted this 18th day of August, 2008.

THE LAW OFFICE OF STEPHANIE G. FLORES

By: 
Stephanie G. Flores, Esq.
Attorney for Defendant