DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NATHANIEL DIAZ PUNZALAN,<br><br>Defendant. | Criminal Case No. 07-00075<br><br>**ORDER RE: MOTION FOR JUDGEMENT OF ACQUITTAL** |

This matter is before the court on the Defendant's Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure Rule 29(c). The Defendant contends that the evidence was insufficient to support a conviction for Count III, Possession of a Firearm by a Felon, of which the jury found him guilty.[1] *See* Docket No. 119. For the reasons set forth below, the motion is **DENIED**.

## BACKGROUND

On or about April 11, 2007, Nathaniel Diaz Punzalan (the "Defendant") was found in possession of a Springfield Armory pistol, model XD-45, .45 caliber pistol. The defendant had previously been convicted of a felony offense, one count of burglary (as a second degree felony) and one count of terrorizing (as a third degree felony). *See* Docket No. 76, Superseding

---

[1] The Government charged the Defendant with four counts. He was acquitted by the jury on the other three charges. *See* Docket No. 76, Superseding Indictment.

Indictment. Accordingly, the Defendant was charged with Possession of Firearm by a Felon in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 2 (Count III). The case proceeded to trial and on August 14, 2008, a jury convicted the Defendant of Count III, Possession of a Firearm by a Felon.

## DISCUSSION

The Defendant now moves this court for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Rule 29 of the Federal Rules of Criminal Procedure provides that a defendant may move for a judgment of acquittal if the evidence is insufficient to sustain a conviction. The rule provides:

> **(a) Before Submission to the Jury.** After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the prosecution's evidence, the defendant may offer evidence without having reserved the right to do so.
>
> **(b) Reserving Decision.** The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.
>
> **(c) After Jury Verdict or Discharge.**
>
> > **(1) Time for a Motion.** A defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later.
> >
> > **(2) Ruling on the Motion.** If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.
> >
> > **(3) No Prior Motion Required.** A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.

The Defendant argues that there was insufficient evidence presented to the jury to prove the Defendant possessed a firearm. Specifically, the Defendant claims that because the government failed to prove that the firearm in question was operable it failed to prove that that

Case 1:07-cr-00075   Document 122   Filed 09/08/2008   Page 2 of 5

firearm was in fact, a firearm. Accordingly, the Defendant seeks acquittal on the grounds that the government failed to prove its case. The government argues that there was ample evidence presented to the jury to convict the Defendant.

Viewing the evidence in the light most favorable to the government, as required under a Rule 29 motion, the court finds that the government presented evidence such that a jury could find the Defendant possessed a firearm. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979)(holding that in considering a motion for judgment of acquittal, the court must view the evidence presented in the light most favorable to the government). "We review the sufficiency of evidence to support a criminal conviction by viewing the evidence in the light most favorable to the prosecution and determining whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Garza*, 980 F.2d 546, 552 (9th Cir.1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). "When reviewing the sufficiency of the evidence, we must 'assume that the jury resolved all . . . matters in a manner which supports the verdict.'" *Id.* (citation omitted).

Title 18 U.S.C. § 921(a)(3) sets forth the applicable definition of a "firearm." It provides:

> The term 'firearm' means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm.

The definition as set forth in the statute is set forth in the disjunctive, accordingly, any device meeting any of the definitions qualifies as a firearm (provided it is not an antique). *United States v. Romero-Martinez*, 443 F.3d 1185, 1189 (9th Cir. 2006). The Ninth Circuit held that "under 18 U.S.C. § 921(a)(3), both fully assembled guns, as well as major components of guns (i.e. the frame or receiver), qualify as 'firearms.'" *Id.* There is no requirement under the statute that the gun be loaded or operable. *United States v. Gonzalez*, 800 F.2d 895, 899 (9th Cir. 1986).

Reviewing the evidence presented at trial, the court finds the government presented evidence to support the conviction. There was evidence presented for the jury to make a determination that the firearm was designed to . . . expel a projectile by the action of an explosive pursuant to 18 U.S.C. §921(a)(3)(A). For example, Witness Dennis Larson ("Mr. Larson")

3

testified that the Springfield Armory XD .45 caliber firearm was his personal firearm that had been stolen from his residence. He also testified that the bullets were with the firearm when they were stolen. He stated that he made the "reloads" for the gun himself, comprised of explosives (gunpowder), lead, and a cartridge with primer (another explosive). Mr. Larson testified that the magazine for the firearm came as a set with the actual firearm, which he purchased from Federal Firearm Licensee Mr. Jeff Nelson, the owner of "The Firing Line." Mr. Larson testified that he used the firearm as a duty weapon for work with the Department of Revenue and Taxation and that the firearm was registered with the Guam Department of Revenue and Taxation. And, that he used the firearm and reloaded ammunition at a shooting range.

Superior Court Marshals Theodore Padua and Roland Okada both took the stand and stated that they had seen the firearm. Each of these men have familiarity with firearms and specifically looked at the firearm in question. The testimonies of Mr. Larson and the marshals was sufficient for the jury to find that the Springfield Armory XD .45 caliber firearm was designed to expel a projectile through the use of an explosive, thereby satisfying the definition of 18 U.S.C. §921(a)(3)(A).

Further, the parties stipulated that the firearm had been shipped and transported in interstate commerce. Lastly, the jurors were able to examine the firearm for themselves. The jury's verdict indicates that it found beyond a reasonable doubt that the Defendant possessed a firearm as defined by federal statute. After reviewing the facts as presented at trial, the court finds there was a sufficient basis for such a verdict. *See United States v. Hernandez-Herrera*, 273 F.3d 1213 (9th Cir. 2001) (A judgment of acquittal is appropriate only if after considering the evidence in the light most favorable to the government, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt).

///
///
///
///

4

# CONCLUSION

The court finds that the government presented evidence sufficient to support a jury's guilty verdict on the charge of a Felon in Possession of a Firearm. Accordingly, the court **DENIES** the Defendant's motion as set forth herein.

**IT IS SO ORDERED**.

/s/ Frances M. Tydingco-Gatewood
     Chief Judge
**Dated: Sep 08, 2008**